UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JAMES HOLLINGER                              CIVIL ACTION

v.                                           NO. 05-1851

POGO PRODUCING COMPANY                       SECTION "F"
and ATP OIL & GAS CORPORATION

ORDER AND REASONS

Before the Court is the defendants' motion for summary judgment. For the reasons that follow, the defendants' motion is GRANTED.

Background

James Hollinger worked as an operator/mechanic on an oil production platform owned by Pogo Producing Company and ATP Oil & Gas Corporation. Hollinger was employed by Wood Group Production Services, an independent contractor that provides operational services and experienced employees for oil companies. Pogo contracted with Wood Group for these services under a Master Service and Supply Agreement. The platform upon which Hollinger worked is labeled "Main Pass Block 123" and is in federal waters on

the Outer Continental Shelf in the Gulf of Mexico.[1]

Hollinger filed this lawsuit seeking compensation for injuries allegedly suffered on May 12, 2004 while working on the platform. While carrying repair parts, Hollinger slipped on a mat, fell on his back, and struck his head on the metal floor grating.  It is unclear whether Hollinger slipped on oil on the mat, or whether he slipped on the mat because it was not a "non-skid" mat.  Hollinger was eventually taken to a doctor by helicopter, and allowed to go home.  Wood Group offered Hollinger light work, but Hollinger claims that as of August 26, 2006, he is unable to work.  He currently receives $492 per week in worker's compensation, paid by Wood Group's insurer.  Hollinger alleges in this lawsuit that because Pogo's production superintendent, Philip Drolla, periodically inspected the platform, Pogo is liable for the failure to maintain the platform safely under the Agreement.  Hollinger also alleges that because Pogo and ATP own the platform, they are directly liable for for their failure to provide a suitable mat for the conditions on the platform.  Finally, Hollinger alleges that

---

[1] Because of the location of the fixed platform and the fact that its function is the production of minerals, the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, applies, overriding the choice-of-law provision in the Agreement requiring the application of maritime law.  See Texaco Exploration and Production, Inc. v. Amclyde Engineered Products, 448 F.3d 760, 772 and n.8 (5th Cir. 2005).  Because federal maritime law does  not apply and Louisiana personal injury law does not conflict with federal law, the choice of law in this case is Louisiana state law. See Demette v. Falcon  Drilling Co., 280 F.3d 492, 497 (5th Cir. 2002).  The parties do not dispute the choice-of-law issue.

Phillip Drolla's presence on the platform as Pogo's representative is sufficient constructive knowledge of any defective condition to impose liablity upon Pogo and ATP under Louisiana's premise liability law.

Hollinger had worked on the platform for two weeks. At the time of the accident, he was one of two Wood Group workers on the platform. The other was his supervisor, John Grider. Neither Pogo nor ATP stationed employees on the platform.

Pogo and ATP now move for summary judgment, arguing that Pogo and ATP cannot be held liable for negligence in maintaining the safety of the platform as a matter of law because neither ever operated the platform with their own employees. Pogo and ATP further assert that they have no fault as a matter of premises liability, nor can the plaintiff benefit from any alleged breach of the Agreement between the defendants and Wood Group, an independent contractor.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of

fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

Summary judgment is appropriate because no genuine issue of material fact exists as to the liability owed by Pogo and ATP to

4

independent contractors and their employees.

Basic principles guide the Court:  "A principal generally is not liable for the offenses an independent contractor commits in the course of performing its contractual duties."  Ainsworth v. Shell Offshore, Inc., 829 F.2d 548, 550 (5th Cir. 1987).  "Where a platform owner hires independent contractors to supply operations and carry out the actual drilling, and the owner neither possesses nor exercises actual control over the independent contractors, the owner has no duty to remedy hazards created by its independent contractors."  Robertson v. Arco Oil & Gas Co., 948 F.2d 132, 133 (5th Cir. 1991)(citing Zepherin v. Conoco Oil Co., 884 F.2d 212, 213 (5th Cir. 1989).

The parties stipulate that the agreement between Pogo and ATP contracted Wood Group to be responsible for personnel, equipment, and safety on the platform.  The record shows that neither Pogo nor ATP ever used their own personnel to operate the platform.  The agreement between Pogo and ATP and the independent contractor, Wood Group, requires Wood Group to insure its employees and indemnify Pogo and ATP against any actions for injury or death occurring on the platform.

Two exceptions exist to the general rule shielding principals from the negligent acts of independent contractors:  (1) the activity engaged in by the contractor is ultra-hazardous or (2) the principal retains operational control over the contractor's work or

5

approved of its unsafe work practices.  See Coulter v. Texaco, Inc., 117 F.3d 909, 912 (5th Cir. 1997); LeJeune v. Shell Oil Co., 950 F.2d 267, 269-70 (5th Cir. 1992).  Ultra-hazardous activities are limited under Louisiana law to the acts of pile-driving and blasting with explosives.  La. Civ. Code art. 667.

Hollinger argues that Pogo and ATP retained operational control of the platform because their production superintendent, Phillip Drolla, visited the platform periodically, from one to four times per week.  But operational control exists only when the principal exercises direct supervision over the process of performing the work, see LeJeune, 950 F.2d at 269-70, such that "the contractor is not entirely free to do the work in his own way."  Duplantis v. Shell Offshore, Inc., 948 F.2d 187-193 (5th Cir. 1991); Landry v. Huthance Drilling Co., 889 F.2d 1469, 1471 (5th Cir. 1989).  When evaluating the presence of operational control, "the most important question is whether and to what extent the right to control the work has been contractually reserved by the principal."  Coulter, 117 F.3d at 912.  Here, the record is clear that Pogo and ATP did not reserve the right to control the method of work.  The parties have stipulated that the Agreement makes the independent contractor, Wood Group, solely responsible for all platform operations, including the maintenance of safe conditions.  The Agreement also requires Wood Group to indemnify Pogo and ATP for all negligence actions filed against them.

The plaintiff urges that the occasional presence of Pogo's production superintendent on the platform demonstrates that Pogo and ATP exercised extra-contractual supervision. But Drolla's visits were unscheduled and intermittent and in no way affected the contractor's total freedom to perform his tasks in his own way. Therefore, the plaintiff's proof of Drolla's visits and their purpose is insufficient as a matter of law to establish operational control on this record.

### III.

Summary judgment is also appropriate because no genuine issue of material fact exists as to the direct liability of Pogo and ATP under premises liability law.

Louisiana Civil Code article 2322 instructs that building owners are liable for damages incurred through the building's ruin or from defects in the building's original construction. In <u>Dupre v. Chevron U.S.A.</u>, Inc., 20 F.3d 154, 157-58 (5th Cir. 1994), the Fifth Circuit initially held that the owner of a platform owed a duty to employees of independent contractors to exercise reasonable care in "ensur[ing] a safe working environment." However, on denial of rehearing and rehearing <u>en banc</u>, the Fifth Circuit clarified its ruling, stating that the court was not willing to hold that the owner of a platform did not owe a duty to independent contractors, separate from vicarious liability, without a full

inquiry by a trier of fact.  Dupre v. Chevron, 33 F.3d 7, 7-8 (5th Cir. 1994).

Other sections of this Court have denied summary judgment in cases with similar facts as the instant case.  In Verdin v. Shell Offshore, Inc., 1996 WL 67660 (E.D. La. Feb. 15, 1996)(Berrigan, J.) and Smith v. Chevron U.S.A., Inc., 1999 WL 615174 (E.D. La. Aug. 12, 1999)(Berrigan, J.), the Court found a material issue of fact existed as to whether the owner of the platform breached a duty to provide a safe workplace.  But in both of those cases, the plaintiffs alleged breaches of a duty to maintain a safe working environment under Dupre v. Chevron, which qualifies the duty as one to adhere to federal regulations regarding oil-producing platforms and to maintain the platform free from recognized hazards, such as the absence of guardrails.  Neither plaintiff in those cases alleged a breach of duty under Louisiana premises liability law, although arguably both Louisiana premises law and federal regulation of platforms concern the original construction or the ruin of the permanent structure of the platform.

But in Fruge ex rel. Fruge v. Parker Drilling Co., 337 F.3d 558 (5th Cir. 2003), the plaintiff did claim the platform owner's breach of duty under state premises liability law, Louisiana Civil Code article 2322.  In Fruge, the plaintiff was injured by a hose that ruptured on the platform.  The Fifth Circuit held that an action based on state premises liability law was not appropriate

8

when the cause of the injury was not permanently attached to the building.  <u>Fruge</u>, 337 F.3d at 565 (citing <u>Coulter v. Texas</u>, 117 F.3d 909, 914 (5th Cir. 1997) and La. Civ. Code art. 466).

Here, the plaintiff is uncertain whether his injury was caused by a non-skid mat or oil on the floor; however, neither condition would qualify as part of the construction of the platform.[2]  Therefore, under <u>Fruge</u>, Hollinger cannot maintain a claim for state law premises liability under Article 2322.  No genuine issue of material fact exists as to the direct liability owed by Pogo and ATP to Hollinger under premises liability law.

Accordingly, Pogo and ATP's motion for summary judgment is GRANTED.  The plaintiff's claims against Pogo and ATP are hereby dismissed.

New Orleans, Louisiana, October 25, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] In the plaintiff's memorandum opposing summary judgment, plaintiff's counsel raises for the first time the possibility that the injury could have been caused by a raised or elevated tool room floor, which may constitute an appurtenance for purposes of article 2322.  But the plaintiff's deposition and original complaint only invokes the mat or the oil on the floor as the cause of the injury and no evidence is presented otherwise.  Therefore, the Court will not consider plaintiff's counsel's sudden argument that the intermittent presence of Pogo's representative on the platform conferred sufficient constructive knowledge of any defective condition, such as a raised floor, to impose liability on Pogo and ATP under Louisiana premises liability law.

Case 2:05-cv-01851-MLCF-ALC   Document 30   Filed 10/25/06   Page 10 of 10